IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of DIAMOND SERVICES CORPORATION, § § § § § § Plaintiff, § § vs. § § RLB CONTRACTING, INC., § HARBOR DREDGING, INC. AND § TRAVELERS CASUALTY AND § SURETY COMPANY OF AMERICA, § § Defendants. § | CIVIL ACTION NO.: 3:21-CV-00253 |

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S
RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, Travelers Casualty and Surety Company of America ("Travelers," or the "Surety"), in response to the Complaint [Dkt. 1] of Plaintiff Diamond Services Corporation ("Diamond" or the "Plaintiff"), moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.    As surety Travelers is entitled to all defenses available to its principal, RLB Contracting, Inc.**

On September 4, 2019, Travelers issued a Payment Bond (the "Bond") pursuant to the requirements of the Miller Act to its principal, RLB Contracting, Inc. ("RLB"), as required to perform work on the federal dredging project (the "Project").[1] RLB executed a

---

1 A copy of Payment Bond #106988560 issued by Travelers Casualty and Surety Company of America to RLB

subcontract with Harbor Dredging, Inc. ("Harbor") to perform work on the Project. Thereafter, Harbor entered into a sub-subcontract with Diamond to perform specific portions of Harbor's work on the Project. Diamond has filed this instant lawsuit asserting a claim against the Bond arising from its work on the Project.

As surety, Travelers has undertaken the obligation of its principal, RLB, owed to an obligee. *See Carter Real Estate & Dev., Inc. v. Builder's Serv. Co.*, 718 S.W.2d 828, 830 (Tex.App.-Austin 1986, no writ) (quoting Restatement of Security § 82 (1941)). Through this contractual relationship, a surety is granted the ability to assert any defense to a suit, which is available to its principal. *Scarborough v. Kerr*, 70 S.W.2d 607, 607 (Tex. Civ. App. 1934). Therefore, any plea by a principal which would release it from liability on a bond also releases the surety. 50 Am.Jur., Suretyship § 208, p. 1041, see also, *Muenster v. Tremont Nat. Bank,* 92 Tex. 422, 49 S.W. 362*; Woldert v. Durst,* 15 Tex.Civ.App. 81, 38 S.W. 215; *Moore v. Belt,* Tex.Civ.App., 206 S.W. 225*; Wills v. Tyer,* Tex.Civ.App., 186 S.W. 862; *Girard Fire & Marine Ins. Co. v. Koenigsberg,* Tex.Civ.App., 65 S.W.2d 783*; Stafford v. Lawyers Lloyds of Texas,* Tex.Civ.App., 175 S.W.2d 461.

Travelers adopts and incorporates herein by reference the Rule 12(b)(6) Motion, [Dkt. 22], filed by its principal, Defendant RLB as if copied *in extenso* pursuant to Fed. R. Civ. 10(c).

---

Contracting, Inc. is attached as Exhibit "A."

**TRAVELERS' MOTION TO DISMISS**                                                      Page 2

## CONCLUSION

For all the reasons adopted and incorporated from RLB Contracting, Inc.'s Motion to Dismiss [Dkt. 22] and those stated above, Travelers is entitled to a dismissal with prejudice from each and every claim asserted by Diamond Services Corporation. Accordingly, Travelers Casualty and Surety Company of America's Motion to Dismiss should be granted and Plaintiff's claims against Travelers Casualty and Surety Company of America should be dismissed.

Respectfully submitted,

**KREBS FARLEY & DRY, PLLC**

By: */s/ Steven K. Cannon*
Steven K. Cannon
State Bar No. 24086997
909 18th Street
Plano, TX 75074
(972) 737-2517 Telephone
(972) 737-2543 Facsimile
scannon@krebsfarley.com

Elliot Scharfenberg (admitted *pro hac vice*)
State Bar No. 35304
J. Megan Daily (admitted *pro hac vice*)
State Bar No. 37650
400 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 299-3570 Telephone
(504) 299-3583 Facsimile
escharfenberg@krebsfarley.com
mdaily@krebsfarley.com

**ATTORNEYS FOR DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on November 5, 2021, Mr. Cannon sent a written letter to Plaintiff's counsel, Harry E. Morse, via email, in accordance with Galveston District Court Rule of Practice 6 to confer with regard to the foregoing Motion to Dismiss. Per Galveston District Court Rule of Practice 6, Plaintiff had 14 days from the letter to amend its Complaint. The deadline to amend its Complaint has passed and Plaintiff did not amend its Complaint.

　　　　　　　　　　　　　　　　　　　　　 */s/ Steven K. Cannon*　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　Steven K. Cannon

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure on this the 21st day of January, 2022.

　　　　　　　　　　　　　　　　　　　　　 */s/ Steven K. Cannon*　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　Steven K. Cannon