UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **DIAMOND SERVICES CORPORATION** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-cv-00253-JVB |
| **RLB CONTRACTING, INC., HARBOR DREDGING, INC. AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA** | § § § § § § | |
| Defendants. | § | |

**DEFENDANT RLB CONTRACTING, INC's OBJECTIONS AND MOTION TO STRIKE DIAMOND'S RESPONSE IN OPPOSITION TO TRAVELERS' MOTION TO DISMISS AND DECLARATION OF STEPHEN SWIBER**

Defendants RLB Contracting, Inc. ("RLB") objects to and moves to strike the entirety of Plaintiff Diamond Services Corporation's ("Diamond") response in Opposition to Travelers' Motion To Dismiss ("Response"). DN. 34 to the extent Diamond seeks that the Court consider it in ruling on RLB's or Travelers' Rule 12(b)(6) motions to dismiss Diamond's claims. (DN. 22 and DN. 30). RLB also objects to and moves to strike the Declaration of Stephen Swiber (DN. 34-1) submitted in support of Diamond's Response.

### I. INTRODUCTION

1. On February 11, 2022, Diamond filed its Response, purportedly to Travelers' Rule 12(b)(6) Motion to Dismiss Diamond's claims (DN. 30), but Diamond apparently improperly seeks to use it as a sur-reply to RLB's Rule 12(b)(6) Motion to Dismiss Diamond's claims (DN. 22) which has been fully briefed. Diamond's Response expressly

states that it "is focused instead on the arguments made in RLB's reply [in Support of its Motion to Dismiss] (Rec. Doc. 24) and RLB's supplemental memorandum [Response to Diamond's Request for Summary Judgment]¹ (Rec. Doc. 26)." DN. 34, p.1. Diamond's Response attaches a declaration from Mr. Stephen Swiber ("Swiber Declaration") in an attempt to support certain factual allegations raised therein.² The numerous deficiencies in the Swiber Declaration render it inappropriate to support Diamond's Response.

2. Specifically, RLB objects to and moves to strike the entirety of Diamond's Response to the extent Diamond seeks that the Court consider any aspect of Diamond's Response in connection with RLB's fully briefed Rule 12(b)(6) motion to dismiss because (1) this purported sur-reply was filed late and beyond the briefing deadlines for RLB's Rule 12(b)(6) motion to dismiss and Diamond did not seek leave to file it; and (2) Diamond's Response improperly attempts to inject extraneous matter outside the Complaint that is irrelevant to a Rule 12(b)(6) motion.

3. RLB also objects to and moves to strike the Swiber Declaration because: (1) it is extraneous matter outside the Complaint inappropriately introduced for the first time in Diamond's Response; (2) it fails to establish personal knowledge of the facts stated in the declaration; (3) it is conclusory and lacks adequate foundation, and (4) it includes and is founded on hearsay.

---

¹ RLB's Response to Diamond's Request for Summary Judgment (Doc. 26) was filed in an abundance of caution shortly before the initial Rule 16 conference conducted by Magistrate Judge Edison on January 19, 2022 and Magistrate Judge Edison stated in that conference that RLB was not required to respond to Diamond's Request for Summary Judgment.
² *See* DN. 34-1.

## II.     ARGUMENTS & AUTHORITY

4. Importantly, when ruling on a Rule 12(b)(6) motion, the Court should normally only consider the allegations contained in the complaint. *See* Fed. R. Civ. P. 12(d). The Court is permitted, however, to also consider any documents attached to the complaint and central to the plaintiff's claim and the facts which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000); *Blue Yonder Group, Inc. v. Kinaxis, Inc.*, 2021 WL 2698437, at *1 (N.D. Tex. May 17, 2021). This Court found this to be a well-established exception to the general rule that if a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *Irby v. Hinkle*, 2020 WL 4504701, at *3 (S.D. Tex. Aug. 5, 2020); *Rivas v. U.S. Bank, N.A.*, No. 4:19-CV-2021, 2019 WL 3892834, at *1 (S.D. Tex. July 29, 2019). Relevant here, when a declaration is first introduced into the record in support of an opposition to a motion to dismiss, the Court should not take it into consideration because it would be outside of the four corners of the complaint. *Blue Yonder, Group, Inc.*, 2021 WL 2698437, at *1.

5. Ordinarily, an interested party may make a declaration so long as the declaration is based on personal knowledge. *See Gibson v. Liberty Mut. Group*, 2005 WL 900629, at *1 (5th Cir. Apr. 19, 2005). If a declaration contains portions that are not based upon personal knowledge, the court must disregard those portions as inadmissible and consider only the remaining portions, which are based upon personal knowledge. *Lee v. Nat'l Life Ins. Co. of Canada,* 632 F.2d 524, 529 (5th Cir. 1980). An opposing party may

move to strike a declaration supporting a motion that contains statements that constitute hearsay. *See Crowell v. Alamo Comty. College Dist.*, 2006 WL 2769947, at *7 (W.D. Tex. Sept. 25, 2006). Hearsay is inadmissible unless it falls within an exception to the hearsay rule. *See* Fed. R. Evid. 802.

6. RLB's Rule 12(b)(6) motion to dismiss has been fully briefed and is awaiting a ruling from the Court. Diamond's Response contains purported evidence and arguments in sur-reply to RLB's reply in support of its Rule 12(b)(6) motion to dismiss. Notwithstanding Diamond's purported Response to Travelers' Motion to Dismiss, Diamond's Response states "Diamond's opposition will focus instead on the arguments in RLB's reply (Rec. Doc. 24) and in RLB's supplemental memorandum (Rec. Doc. 26)."[3] So, Diamond appears to seek to include Diamond' Response, including the Swiber Declaration, as a purported "sur-reply" to arguments in RLB's reply in support of its Rule 12(b)(6) motion to dismiss Diamond's claims. Diamond failed to seek leave to file Diamond's Response and even if it had, Diamond's Response contains extraneous matter outside the Complaint that is irrelevant to a Rule 12(b)(6) motion. Because this is purported evidence outside what the Court may permissibly consider in ruling on a Rule 12(b)(6) motion to dismiss, this is sufficient grounds for the Court to strike it and not consider it for any purpose. *See*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. at 322; *Collins*, 224 F.3d at 498-99; *Blue Yonder Group, Inc. v. Kinaxis, Inc.*, 2021 WL 2698437, at *1.

---

[3] DN. 34, second introductory sentence.

7. As such, RLB objects to and moves to strike the entirety of Diamond's Response (including the Swiber Declaration) to the extent Diamond seeks that the Court consider any aspect of Diamond's Response in connection with RLB's fully briefed Rule 12(b)(6) motion to dismiss because (1) this purported sur-reply was filed late and beyond the briefing deadlines for RLB's Rule 12(b)(6) motion to dismiss and Diamond did not seek leave to file it; and (2) Diamond's Response improperly attempts to inject extraneous matter outside the Complaint that is irrelevant to a Rule 12(b)(6) motion.

8. Diamond's Response also introduces the Swiber Declaration for the first time in support of its Response. As with Diamond's Response in total, the Swiber Declaration is purported evidence outside what the Court may permissibly consider in ruling on a Rule 12(b)(6) motion to dismiss which is sufficient grounds for the Court to strike the Swiber Declaration and not consider it for any purpose. *See*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. at 322; *Collins,* 224 F.3d at 498-99; *Blue Yonder Group, Inc. v. Kinaxis, Inc.*, 2021 WL 2698437, at *1.

9. Notwithstanding the procedural improprieties above, the Swiber Declaration also is defective in numerous other respects. First it does not state or otherwise establish that the statements made in it are based on personal knowledge. The Swiber Declaration merely states that Stephen Swiber is the "executive vice president of Diamond Services Corporation" and that he attests to the contents under the penalty of perjury. DN. 34-1, ¶¶ 1, 11. These statements alone do not disclose sufficient factual support to establish personal knowledge. While affidavits and declarations are not required to state magic words such as "based on personal knowledge" the statements in the declaration certainly

do not rise to the level of permitting the Court to infer personal knowledge here. *See, e.g., DIRECT TV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). For examples, the Swiber Declaration fails to establish that Mr. Swiber was involved in or otherwise had personal knowledge of submittal of the certified costs information (DN. 34-1, ¶ 2), that Diamond's submittal purportedly covered Diamond's time and materials through December 31, 2020 (DN. 34-1, ¶ 3), the purpose for submitting Diamond's "claim" to Harbor (DN. 34-1, ¶4), Diamond's expectation of payment from RLB and its alleged communications regarding it (DN. 34-1, ¶¶ 5-6), and the dates Harbor received the submittal from Diamond and RLB received costs and pricing information from Harbor. (DN. 34-1, ¶ 9)

10. Further, the Swiber Declaration includes conclusory statements that lack foundation. For instance, the Swiber Declaration states that "Diamond always expected payment from RLB. DN. 34-1, ¶ 5; *see also* DN. 34-1, ¶ 8 (stating "Diamond never expected payment except from RLB). Swiber fails to explain how Diamond would expect payment from RLB when Diamond concedes that its written contract was with Harbor,[4] RLB is not a party to the sub-subcontract between Harbor and Diamond,[5] Diamond was not a party to the subcontract between Harbor and RLB,[6] Diamond failed to adequately plead and there is no evidence that Diamond had any enforceable written, oral, quasi or implied contract with RLB,[7] Diamond issued all of its invoices to the party with whom it

---

[4] DN. 23, p.2; DN. 1, ¶¶ 11-12; DN. 1-2 (Exhibit A).
[5] DN. 24, ¶¶ 1-6; *compare* DN. 22-1 (Exhibit 1), *with* DN. 1-2 (Exhibit A).
[6] *Id*.
[7] DN. 22, ¶¶ 13, 25-42.

contracted, Harbor[8] and Diamond received all of its payments from Harbor.[9] The Swiber Declaration also states in conclusory fashion that RLB "acknowledged that it was responsible to make Diamond whole out of a request for equitable adjustment" but fails to provide any basis or foundation for this alleged "acknowledgment." DN. 34-1, ¶ 6.

11. Lastly, the Swiber Declaration includes and is founded on inadmissible hearsay. For instance, it states that "Diamond communicated [it expected payment from RLB] to RLB on December 14, 2020 via correspondence, and separately in September of 2021 in a meeting a Diamond's office." DN. 34-1, ¶ 5. Finally, the Swiber Declaration claims that RLB "demanded" that Diamond submit its claim to Harbor, not RLB. DN. 34-1, ¶ 7. Setting aside the hearsay issues, the Swiber Declaration also does not establish personal knowledge of these alleged events as well.

12. Accordingly, RLB also objects to and moves to strike the Swiber Declaration because: (1) it is extraneous matter outside the Complaint inappropriately introduced for the first time in Diamond's Response and is inappropriate for the Court to consider in ruling on either RLB's or Travelers' motions to dismiss Diamond's claims under Rule 12(b)(6); (2) it fails to establish personal knowledge of the facts stated in the declaration; (3) it is conclusory and lacks adequate foundation, and (4) it includes and is founded on hearsay.

## PRAYER

For the foregoing reasons, RLB requests that the Court sustain RLB's objections contained herein, strike Diamond's Response in its entirety and not consider it in ruling on

---

[8] *See* DN. 1, ¶15; DN. 22, ¶1.
[9] *Id.*

either RLB's or Traveler's motions to dismiss Diamond's claims under Rule 12(b)(6); strike the Swiber Declaration in its entirety because: (1) it is extraneous matter outside the Complaint inappropriately introduced for the first time in Diamond's Response and is inappropriate for the Court to consider in ruling on either RLB's or Travelers' motions to dismiss Diamond's claims under Rule 12(b)(6), (2) it fails to establish personal knowledge of the facts stated in the declaration, (3) it is conclusory and lacks adequate foundation, and (4) it includes and is founded on hearsay;  and grant RLB all such other relief as it may show itself justly entitled.

    Respectfully submitted,

    **WINSTEAD PC**

    By:  */s/ Mark C. Guthrie*
        Mark C. Guthrie
        Texas Bar No. 08636600
        mguthrie@winstead.com
        Cody N. Schneider
        Texas Bar No. 24073595
        cschneider@winstead.com
        John T. Wooldridge, Jr.
        Texas Bar No. 24118590
        jwooldridge@winstead.com
        600 Travis Street, Suite 5200
        Houston, Texas 77002
        Telephone (713) 650-8400
        -and-
        D. Blake Wilson
        State Bar No. 24090711
        bwilson@winstead.com
        401 Congress Avenue, Suite 2100
        Austin, Texas 78701
        Telephone (512) 370-2800

    **COUNSEL FOR DEFENDANT**
    **RLB CONTRACTING, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2022, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ *John T. Wooldridge, Jr.*
John T. Wooldridge, Jr.