**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **DIAMOND SERVICES** | § | |
| **CORPORATION** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:21-cv-00253-JVB** |
| | § | |
| **RLB CONTRACTING, INC., HARBOR** | § | |
| **DREDGING, INC. AND TRAVELERS** | § | |
| **CASUALTY AND SURETY COMPANY** | § | |
| **OF AMERICA** | § | |
| | § | |
| **Defendants.** | § | |

**<u>RLB'S RESPONSE TO DIAMOND'S MOTION FOR LEAVE TO AMEND</u>**
**<u>COMPLAINT</u>**

Defendant RLB Contracting, Inc. ("RLB") responds ("Response")[1] in opposition to

Plaintiff Diamond Services Corporation's ("Diamond") Motion for Leave to File First

Amended Complaint ("Motion"). DN 32.

## I.     <u>SUMMARY</u>

1.      In its Motion, Diamond requests leave under Fed. R. Civ. P. 15 to file its First

Amended Complaint, to add a designation of the above-styled action ("Lawsuit") as an

admiralty and maritime matter under Fed. R. Civ. P. 9(h). DN 32. The Court should deny

Diamond's Motion because the Court's local rules ("LR") and this Court's procedures

prohibit such action considering RLB's pending Rule 12(b) Motion to Dismiss ("Motion

to Dismiss") Diamond's Original Complaint (the "Complaint"). Further, Diamond's

---

[1] RLB respectfully submits this Response without conceding to or waiving any claims made in its Motion to Dismiss
and Reply in Support of its Motion to Dismiss. DN 22, 24.

Motion is untimely under the Docket Control Order ("DCO") in effect and Diamond has failed to demonstrate good cause for amending the Complaint. For these reasons, this Court should deny Diamond's Motion.

## II.    PROCEDURAL BACKGROUND

2.    On September 16, 2021, Diamond filed its Complaint against RLB, Harbor, and Travelers. DN. 1. In accordance with the Court's Local Rules,[2] on October 26, 2021, RLB sent a letter to notifying Diamond of its intention to file the Motion to Dismiss, the basis for such motion and allowed Diamond the opportunity to amend its Complaint.[3] On November 9, 2021, counsel for Diamond confirmed that Diamond would not amend its Complaint.[4] Therefore, in reliance on these representations, on December 3, 2021, RLB filed its Rule 12(b) Motion to Dismiss seeking a dismissal of the claims initially made by Diamond in the Complaint. DN. 22. At all times, RLB has complied with the Court's rules and procedures.

3.    On January 19, 2022, this Court held its Initial Conference. All parties were present and appearances were adequately made through their respective counsel. After being advised of the Court's rules and procedures, all parties consented to the proposed deadlines outlined in the DCO which was then signed by the Court on the same day. *See* DN 28. More two weeks later and despite previously given the opportunity to amend, Diamond was forced to file this Motion because the deadline of February 4, 2022 to amend

---

[2] *See* LR 6.
[3] Exhibit 1.
[4] Exhibit 2.

pleadings in the DCO had passed. For the reasons set forth below, this Court should deny Diamond's Motion.

### III.    ARGUMENTS & AUTHORITIES

**A.    Standard of Review.**

4.    RLB recognizes that, generally, courts liberally grant leave to amend when it is in the interest of justice; however, the liberal amendment policy does not mean that leave to amend is automatic. *See*, e.g. *Udoewa v. Plus4 Credit Union*, 2010 WL 1169963, at *1 (S.D. of Texas March 23, 2010) (internal citation omitted). Plaintiff is ordinarily allowed to amend its pleading upon written consent by the opposing party[5] or with leave of court. Fed. R. Civ. P. 15(a)(2). However, applicable here, Fed. R. Civ. P. 16(b) governs amendments of pleadings once a scheduling order has been issued by the district court. *S&W Enterprises, L.L.C. v. South Trust Bank of Alabaman, NA*, 315 F.3d 533, 536 (5th Cir. 2003). As such, Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district court." *Id*. (quoting Fed. R. Civ. P. 16(b)).

5.    In evaluating whether good cause exists, courts consider the following factors: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice. *Id*. (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

---

[5] Diamond's Motion recognizes that RLB did ***not*** give consent to Diamond to amend its Complaint. DN 32.

**B.      The Court should deny Diamond's Motion because such action is prohibited by Local Rule 6.**

6.      Local Rule ("LR") 6, allows a party one opportunity to amend its pleadings before the Court will "entertain[] a Rule 12(b) motion to dismiss." Prior to seeking a dismissal, the movant is required to inform the respondent, in writing, of the right to amend its pleadings. *Id*. If no amendment is made and a motion to dismiss is filed, the non-movant "shall not be allowed to amend its pleadings unless the non-movant's case survives the motion and the non-movant obtains leave to amend from the [C]ourt." *Id*.

7.      As previously noted, RLB sent a letter notifying Diamond of the numerous deficiencies in connection with the purported claims against RLB and Defendant Travelers Casualty and Surety Company of America ("Travelers") that would permit the filing of the Motion to Dismiss. RLB also provided Diamond with the opportunity to amend its complaint prior to its filing the Motion to Dismiss but Diamond confirmed that it would ***not*** amend its Complaint. Therefore, in reliance on these representations and in light of this Court's procedures, RLB filed its Motion to Dismiss seeking a dismissal of all the claims asserted against RLB by Diamond in the Complaint. As of the date of this Response, the Motion to Dismiss is still pending ruling from the Court.

8.      As a result, Diamond shall not be permitted to amend its Complaint as such action would be in direct conflict with LR 6 and therefore, Diamond's Motion should be denied.

**C.      The Court also should deny Diamond's Motion because Diamond has failed to demonstrate good cause and excusable neglect.**

9.      More two weeks after consenting the deadlines in the DCO and despite previously given the opportunity to amend, Diamond now files this Motion seeking leave to file its First Amended Complaint because the deadline to amend the pleadings in the DCO has passed. Diamond claims that its Motion would have been timely "but for the unavailability of e-filing on Friday [February 4, 2022]."[6] This excuse should not be permitted because Diamond had ample opportunity to amend the Complaint prior to the expiration of the pleading's deadline in the DCO.  It also does not make the amendment permissible under LR 6.

10.      Following Diamond's refusal to amend, counsel for RLB devoted substantial time and expense in preparing its Motion to Dismiss seeking to dismissal of the alleged claims made in the Complaint. Diamond's Motion now seeks to designate this case as an admiralty and maritime matter which causes concern for the impact on the Motion to Dismiss and procedures moving forward with this Lawsuit if RLB remains a party to it.

11.      Diamond has not provided sufficient explanation for the failure to timely amend and has not provided sufficient support to indicate the need for and importance of the amendment. As a result, Diamond has not shown good cause for failing to designate this Lawsuit under Fed. R. Civ. P. 9(h); therefore, Diamond's Motion should be denied.

---

[6] It should be noted that Diamond's counsel was presumably made aware of this potential issue because the Southern District of Texas provided notice on several occasions that the CM/ECF and PACER system for the District would be unavailable to the public from 6:00pm on Thursday February 3, 2022 until Sunday, February 6, 2022. *See e.g.*, Exhibit 3 (providing a "Second Notice" email from Texas Southern District Court: ecf@txsd.uscourts.gov, dated January 26, 2022).

## **PRAYER**

For the foregoing reasons, RLB requests that the Court deny Diamond's Motion and grant RLB all such other relief as it may show itself justly entitled.

Respectfully submitted,

**WINSTEAD PC**


By:   */s/ Mark C. Guthrie*
   Mark C. Guthrie
   Texas Bar No. 08636600
   mguthrie@winstead.com
   Cody N. Schneider
   Texas Bar No. 24073595
   cschneider@winstead.com
   John T. Wooldridge, Jr.
   Texas Bar No. 24118590
   jwooldridge@winstead.com
   600 Travis Street, Suite 5200
   Houston, Texas 77002
   Telephone (713) 650-8400
   -and-
   D. Blake Wilson
   State Bar No. 24090711
   bwilson@winstead.com
   401 Congress Avenue, Suite 2100
   Austin, Texas 78701
   Telephone (512) 370-2800

   **COUNSEL FOR DEFENDANT**
   **RLB CONTRACTING, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 24, 2022, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.


/s/ *John T. Wooldridge, Jr.*
John T. Wooldridge, Jr.

# EXHIBIT 1



Austin | Charlotte | Dallas | Fort Worth | Houston | San Antonio | The Woodlands

600 Travis Street            713.650.8400 OFFICE
Suite 5200                   713.650.2400 FAX
Houston, TX 77002            winstead.com

**Mark C. Guthrie**
direct dial: 713.650.2730
Email: mguthrie@winstead.com

October 26, 2021

*Via Email*:
Harry E. Morse
Martin S. Bohman
BOHMAN | MORSE, LLC
400 Poydras Street, Suite 2050
New Orleans, Louisiana 70130
Telephone: (504) 930-4009
Fax: (888) 217-2744
Email: harry@bohmanmorse.com
Email: martin@bohmanmorse.com

Re:  *Diamond Services Corporation v. RLB Contracting, Inc., et al.,* Civil Action No. 3:21-CV-00253-JVB, United States District Court for the Southern District of Texas, Galveston Division (the "Lawsuit")

Dear Counsel:

This letter is issued pursuant Local Rule 6 of the Honorable District Court Judge Jeffrey V. Brown's Galveston District Court Rules of Practice ("Local Rules"), a copy of which is enclosed with this letter. Local Rule 6 states:

**6. Special Requirement for Motions to Dismiss under Rule 12(b)**

The court will provide parties an opportunity to amend their pleadings once before entertaining a Rule 12(b) motion to dismiss. To advance the case efficiently and minimize the costs of litigation, the court requires a party intending to file a motion to dismiss under Rule 12(b) to confer with opposing counsel concerning the expected motion's basis. The party seeking dismissal shall further inform the respondent, by letter, of the right to amend the pleadings under these procedures, specifying that the amended pleading must be filed within 14 days of the date of the letter. If the pleading is not so amended, the motion to dismiss may be filed. In such a case: (1) a certificate of conference shall accompany the motion to dismiss expressly stating that the movant has complied with this rule and noting that the non-movant did not timely amend its pleading; and (2) the non-movant shall not be allowed to amend its pleading unless the non-movant's case survives the motion and the non-movant obtains leave to amend

October 26, 2021
Page 2

from the court.

Rule 12(a) prescribes time requirements for the filing of answers and for the filing of motions under Rule 12. For the purposes of these time requirements, a letter to opposing counsel sent in accordance with this rule shall be considered the equivalent of filing the motion itself.

If a party does not follow this rule before filing a motion to dismiss, the court will *sua sponte* grant an opportunity to amend

As discussed in detail during our conference call on Monday, October 25, 2021, Plaintiff Diamond Services Corporation's ("Diamond") Original Complaint in Lawsuit (DN 1) has several deficiencies in connection with its purported claims against Defendant RLB Contracting, Inc. ("RLB") and its surety, Defendant Travelers Casualty and Surety Company of America ("Travelers"), that would permit RLB and Travelers to file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  These deficiencies include but are not limited to:

1.    The Complaint fails to state a plausible breach of contract claim against RLB because:

    a.    Diamond failed to set forth sufficient facts to establish the prima facie elements of a breach of contract claim against RLB under Texas law;

    b.    Diamond failed to set forth sufficient facts to draw the reasonable inference that an agency or principal-agent relationship existed between RLB and its subcontractor, Defendant Harbor Dredging, Inc. ("Harbor") or that Diamond had direct contractual privity with RLB due to purported claims that Harbor acted as a mere "agent" for RLB on the project at issue in the Lawsuit (the "Project");

    c.    Diamond failed to set forth sufficient facts to establish it was a third-party beneficiary of the subcontract between RLB and Harbor or show the terms of the subcontract between RLB and Harbor clearly and unequivocally expressed an intent to directly benefit Diamond;

    d.    Diamond failed to set forth sufficient facts to show the material terms and existence of a valid, enforceable oral contract between RLB and Diamond;

    e.    If any alleged oral contract existed between RLB and Diamond for the Project, which RLB denies, it at most amounted to a suretyship contract or a contract to answer for the debt or default of another, which the enforcement of it is barred by the statute of frauds; and

    f.    If such alleged oral contract existed, which RLB denies, it lacks consideration and is unenforceable since the alleged subject matter pertained to an obligation that Diamond already had under its sub-subcontract with Diamond.

October 26, 2021
Page 3

2.      Diamond's complaint also fails to sufficiently plead facts plausibly establishing the existence of an implied or quasi-contractual relationship with RLB because outside of mere conclusory assertions, Diamond failed to set forth sufficient facts to show either the circumstances or conduct of the parties implies an inference of mutual assent to an implied contract or quasi-contractual relationship between RLB and Diamond.

3.      Diamond's *quantum meruit* and unjust enrichment claims against RLB are barred as a matter of law due to Diamond's express, written sub-subcontract with Harbor covering the same materials or services at issue under these equitable claims against RLB.

4.      Even assuming that Diamond's equitable claims were not precluded by the express contract bar, Diamond's pleadings still fail to sufficiently allege facts establishing a plausible right to recover under either the equitable theory of *quantum meruit* or unjust enrichment.

5.      Diamond fails to state a plausible claim for relief under the Miller Act against RLB and its surety, Travelers, because:

      a.      Diamond fails to set forth sufficient facts to show it provided timely and adequate written notice under the Miller Act as a second-tier subcontractor on the Project;

      b.      Diamond fails to plead sufficient facts to show it was "subcontractor" for RLB, instead of for Harbor, on the Project within the meaning of the Miller Act and thus, not required to provide timely and adequate written notice as a second-tier subcontractor;

      c.      Diamond fails to plead sufficient facts that it satisfied all conditions precedent to bring and maintain a claim under the Miller Act in connection with the Project; and

      d.      Even if Diamond properly plead that it satisfied all conditions precedent for bringing and maintaining a claim under the Miller Act, it cannot recover the profits on the out-of-pocket expenditures for its delay claims or for inefficiencies or loss of productivity or any damages for inefficiencies or loss of productivity it seeks in the Lawsuit as a matter of law.

We specifically advise you pursuant to Local Rule 6 that Diamond has the right to amend its Original Complaint and attempt to remedy these deficiencies. If Diamond chooses to amend its Original Complaint it must be file such amended pleadings in the Lawsuit within 14 days of the date of this letter. If Diamond elects not to amend its Original Complaint in accordance with Local Rule 6, RLB will file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

October 26, 2021
Page 4

If you would like to discuss anything noted above in more detail, please feel free to contact me.

Sincerely,

Mark C. Guthrie

Enclosure

cc:    Chris Solop (Via email: CSolop@bislawyers.com)
       Cody N. Schneider (Via email: cschneider@winstead.com)
       Blake Wilson (Via email: bwilson@winstead.com)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

# GALVESTON DISTRICT COURT RULES OF PRACTICE

Your attention is directed to these rules which apply to cases before Judge Jeffrey V. Brown in the Galveston Division of the Southern District of Texas.

Plaintiffs must serve these rules on all defendants with the summons and complaint. A party removing a case to this court has the same obligation as a plaintiff filing an original complaint. Proof reflecting service of these rules must be filed with the U.S. District Clerk. A certificate of service form for use in removed cases can be found on Judge Brown's homepage. Judge Brown's homepage can be found at https://www.txs.uscourts.gov/page/united-states-district-judge-jeffrey-v-brown.

Parties may, at their option, proceed with civil cases before United States Magistrate Judge Andrew M. Edison. A consent form for parties who consent to proceed before Judge Edison can be found on Judge Brown's homepage. Interested parties should refer to the "Notice of the Right to Try a Civil Case Before a Magistrate Judge," which is also available on Judge Brown's homepage.

These rules are to be used in conjunction with the Local Rules for the Southern District of Texas and not as a substitute for them, except where expressly noted. The local rules for the Southern District can be found at www.txs.uscourts.gov/page/local-federal-rules.

1. **Contact with Court Personnel**
   The court expects parties to file documents through the Case Management/Electronic Case Filing (CM/ECF) System. *See* Southern District Local Rule 5.1 and the District's Administrative Procedures for CM/ECF (as amended and available at www.txs.uscourts.gov). *Pro se* parties who are not granted access to CM/ECF may file their documents in person at the clerk's office on the fourth floor of the Galveston courthouse.

Issued April 8, 2020

Case-related inquiries should be made to the case manager, George Cardenas, at 409-766-3737 or at george_cardenas@txs.uscourts.gov.

Information about the status of documents, entry of orders, or docket entries should be obtained from CM/ECF or PACER or, if absolutely necessary, from the U.S. District Clerk's office (409-766-3530).

At the court's discretion, law clerks may contact counsel; however, they will not discuss matters other than the subject of the call. Lawyers must not attempt to contact the law clerks unless they are returning a call.

## 2.   Rule 16 Conferences and Docket-Control Orders

Rule 16 conferences will be scheduled by the court and handled by Judge Edison. At least one attorney for each party must attend in person.

A Joint Discovery/Case Management Plan, in the form found on Judge Brown's homepage, must be filed at least 10 days before the Rule 16 conference. At the Rule 16 conference, Judge Edison will issue a docket-control order (the form of which is also on Judge Brown's homepage).

If new parties are joined after entry of the docket-control order, the party causing such joinder shall provide to the new parties copies of both the operative docket-control order and these procedures.

## 3.   Continuances

The parties may agree to extensions of discovery deadlines without seeking court approval, so long as the extension does not affect the dispositive-motion deadline or the docket-call date. Continuing the dispositive-motion deadline or the docket-call date requires a motion. Agreed motions for continuance are not binding on the court.

The court's trial settings are usually firm. Continuances will rarely be granted, and even more rarely because of a failure to complete discovery. A trial will not be continued because of the unavailability of a witness.

Vacation requests will be respected if they are made well in advance of a trial setting or hearing date.

## 4.   Appearances by Telephone

Though the court prefers that counsel attend proceedings in person, it does conduct some hearings and conferences by telephone. Out-of-town counsel wishing to appear by telephone should make a request to the case manager as far

in advance as reasonably possible. The court will attempt to accommodate such requests, if feasible. No counsel may appear by telephone at the Rule 16 conference.

**5.    Motion Practice**

a.   The court generally follows the written-motion practice described in the Southern District Local Rules. But if counsel believes an oral hearing would assist the court, a request for oral hearing may be made. The case manager will notify counsel if the court decides to convene an oral hearing.

b.   A party should not file a motion and separate "Memorandum of Law." The motion should include the party's argument supporting the relief it seeks.

c.   Except for dispositive motions, all motions should include a proposed order.

d.   The court will strike non-dispositive motions that do not include a certificate of conference. *See* Southern District Local Rule 7.1; *but see infra* Rule 6.

e.   If a party wishes to file a pleading, motion, or exhibit under seal, the party must first obtain leave of court by motion. The item will then be admitted under seal if the court deems such filing to be necessary.

f.   Filings must be double-spaced and in 13-point or larger font. Absent leave of court for extended briefing, any motion or response shall be limited to 30 pages. Per the Southern District Local Rules, responses should be filed within 21 days unless the court orders otherwise. Replies should be filed within 7 days of the date the response is filed and must not exceed 15 pages. If a filing exceeds these page limits, but a motion for leave is granted, the filing will be deemed to have been filed as of the original date it was filed. The time for filing the response will then run from the date of the order on the motion for leave.

g.   Exhibits to motions, responses, and other briefs and pleadings should be readily distinguishable from both the document to which they are appended and each other. Ideally, each exhibit should be both clearly labeled and given an individual "jump cite" within the main document's CM/ECF docket entry.

h.   Parties should provide the court a courtesy copy of any filing of 50 pages or more in length, inclusive of any exhibits and attachments. Exhibits and other attachments should be tabbed for ready access. Courtesy copies may be delivered or mailed, but not faxed, to either the court's chambers on the sixth floor or the U.S. District Clerk's office on the fourth floor.

**6.    Special Requirement for Motions to Dismiss under Rule 12(b)**

The court will provide parties an opportunity to amend their pleadings once before

entertaining a Rule 12(b) motion to dismiss. To advance the case efficiently and minimize the costs of litigation, the court requires a party intending to file a motion to dismiss under Rule 12(b) to confer with opposing counsel concerning the expected motion's basis. The party seeking dismissal shall further inform the respondent, by letter, of the right to amend the pleadings under these procedures, specifying that the amended pleading must be filed within 14 days of the date of the letter. If the pleading is not so amended, the motion to dismiss may be filed. In such a case: (1) a certificate of conference shall accompany the motion to dismiss expressly stating that the movant has complied with this rule and noting that the non-movant did not timely amend its pleading; and (2) the non-movant shall not be allowed to amend its pleading unless the non-movant's case survives the motion and the non-movant obtains leave to amend from the court.

Rule 12(a) prescribes time requirements for the filing of answers and for the filing of motions under Rule 12. For the purposes of these time requirements, a letter to opposing counsel sent in accordance with this rule shall be considered the equivalent of filing the motion itself.

If a party does not follow this rule before filing a motion to dismiss, the court will *sua sponte* grant an opportunity to amend.

## 7.   Discovery Disputes
The court expects that the parties will make a serious attempt to resolve all discovery issues without court intervention. When those earnest and valiant attempts prove unsuccessful, the parties should file a ***joint letter*** not to exceed two pages outlining the dispute, each side's position, and the efforts made to resolve the dispute. Typically, the court will then convene a telephone conference to resolve the issue as quickly as possible. Parties should not file a motion to compel without first exhausting this procedure.

## 8.   Settlements
If the parties are seriously contemplating settlement, they should advise the court by calling the case manager and suggesting that the court postpone consideration of any pending motions until the parties advise the court as to whether a settlement has been reached. If the parties succeed in settling the case, they should inform the court immediately.

The court will order dismissal—without prejudice to the right of any party to move to reinstate within 60 days—on all settlement announcements.

Upon settlement of a suit involving a minor plaintiff, counsel should jointly move for appointment of a guardian *ad litem* if there is a potential conflict of interest between the parent(s) and the minor. The parties may (but are not required to)

submit the names of proposed *ad litems* upon whom they agree.  The court will consider any names submitted but may appoint as guardian *ad litem* a person whose name has not been submitted by counsel.

**9.    Orders of Dismissal for Want of Prosecution**

Any defendant upon whom service has not been perfected within 90 days after the complaint is filed will be dismissed for want of prosecution in accordance with Fed. R. Civ. P. 4(m).

**10.    Docket Calls and Trial Settings**

The docket-control order will include a docket-call date. The docket call is a final pretrial conference and parties should be prepared to discuss any pending matters. At the docket call, the court will set the case for trial on a date certain within the next 60 days.

**11.    Pretrial Filings**

The parties should not file a joint pretrial order.  Instead, at least one day before the docket call, each party should file the following, each as a separate document: exhibit list, witness list, proposed *voir dire* questions, proposed jury instructions, motions *in limine*, and deposition designations and objections. Each party should also submit to the court a tabbed binder containing these filings and a separate tabbed binder containing its exhibits.

The parties should exchange proposed motions *in limine*, exhibit lists, and deposition designations at least one week before docket call. Before docket call, they should confer and narrow the issues to be presented to the court.

**12.    Exhibits**

The court follows Southern District Local Rules 44 and 46, which require pretrial objections to the authenticity and admissibility of exhibits. Counsel is reminded that Fed. R. Civ. P. 11 applies to authenticity objections. The court will typically address evidentiary objections before trial and will seek to early-admit as many exhibits as possible.

**13.    *Voir Dire***

The court generally conducts a preliminary examination of the jury panel. Following the court's examination, each side usually will be allowed to examine the panel briefly, provided that proposed *voir dire* questions were properly submitted in accordance with these rules.

**14.    Depositions**

The court will accept the parties' agreement to use a deposition at trial even though the witness is available.

# EXHIBIT 2

| | |
|---|---|
| **From:** | Harry Morse <harry@bohmanmorse.com> |
| **Sent:** | Tuesday, November 9, 2021 8:39 AM |
| **To:** | Schneider, Cody; Martin Bohman |
| **Cc:** | Guthrie, Mark; Wilson, Blake; Kopp, Juanita |
| **Subject:** | RE: Diamond v. RLB et al. - Notice of Compliance with Local Rule 6 |

Dear Cody,

I owe you a response (or amendment) today, but I wanted to wait until I got a like letter from Travelers. Apologies for the delay. Diamond is not going to amend its complaint. I'll look forward to your motion.

Thanks,

Harry

---

**From:** Schneider, Cody <cschneider@winstead.com>
**Sent:** Tuesday, October 26, 2021 11:06 AM
**To:** Harry Morse <harry@bohmanmorse.com>; Martin Bohman <martin@bohmanmorse.com>
**Cc:** Guthrie, Mark <mguthrie@winstead.com>; Wilson, Blake <bwilson@winstead.com>; Kopp, Juanita <jkopp@winstead.com>
**Subject:** Diamond v. RLB et al. - Notice of Compliance with Local Rule 6

Gentlemen:

Attached for your records please find a courtesy copy of RLB's Notice of Compliance with the Court's Local Rule 6.  Please let me know if you have any issues opening or downloading the attached.  If not, take care and have a good day.

**Cody N. Schneider**
Winstead PC | 600 Travis Street | Suite 5200 | Houston, Texas 77002
713.650.2665 *direct*  |  713.650.2400 *fax*  |
cschneider@winstead.com |  www.winstead.com



---

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

# EXHIBIT 3

**Wooldridge, John**

---

| | |
|---|---|
| **From:** | Texas Southern District Court <ecf@txsd.uscourts.gov> |
| **Sent:** | Wednesday, January 26, 2022 1:37 PM |
| **To:** | Wooldridge, John |
| **Subject:** | Upgrading CM/ECF to NextGen February 7, 2022 - Second Notice |

The District Court for the Southern District of Texas will be upgrading its CM/ECF system to NextGen over the weekend of February 5, 2021.

The CM/ECF and PACER systems for the Southern District of Texas will be unavailable to the public from 6:00PM on Thursday, 3 February, until some time Sunday, 6 February. We will broadcast reminder emails before the installation weekend, and a final email on Sunday when the system is available for all users. Documents may be filed in paper on Friday, 4 February, and if you have an emergency after hours you may call the Clerk at:
Brownsville - 956-372-6225
Corpus Christi - 361-445-5607
Galveston - 409-789-2066
Houston - 832-215-8626
Laredo - 956-285-5507
McAllen - 956-655-8377
Victoria - 361-649-7889

The biggest change coming with NextGen is the movement of all filing account information from separate court CM/ECF systems to the PACER Single Sign-on system.
To be able to link your accounts, you must have your Southern District of Texas District CM/ECF login and password.  If you do not know your credentials, send an email to Houston-atty-adm@txs.uscourts.gov and they will be sent to you.  This should be done prior to February 3, 2022.
After the upgrade is complete on February 6, you will be able to complete the process and link your PACER account to your CM/ECF filing credentials.

For more information about how you can prepare for this, see the Court's web site:
https://www.txs.uscourts.gov/content/cmecf-nextgen

If you have questions, please contact the Clerk's office at district_ecf_helpdesk@txs.uscourts.gov, or by telephone at 713-250-5507