UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **DIAMOND SERVICES CORPORATION** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 3:21-cv-00253-JVB** |
| **RLB CONTRACTING, INC., HARBOR DREDGING, INC. AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA** | § § § § § | |
| **Defendants.** | § § | |

## DEFENDANT RLB CONTRACTING, INC'S REPLY IN SUPPORT OF ITS OBJECTIONS AND MOTION TO STRIKE DIAMOND'S RESPONSE IN OPPOSITION TO TRAVELERS' MOTION TO DISMISS AND DECLARATION OF STEPHEN SWIBER

Defendant RLB Contracting, Inc. ("RLB") files this reply ("Reply") in support of its Objections and Motion to Strike (the "Motion to Strike")[1] Plaintiff Diamond Services Corporation's ("Diamond") Response in Opposition to Travelers' Motion to Dismiss ("Response")[2] to the extent Diamond seeks that the Court considers Diamond's Response when ruling on RLB's Rule 12(b)(6) motion to dismiss ("RLB's Motion to Dismiss")[3] or Travelers' Rule 12(b)(6) motion to dismiss ("Travelers' Motion to Dismiss").[4] Additionally, RLB files this Reply in support of its Motion to Strike which also objects to

---

[1] DN 35.
[2] DN 34.
[3] DN 22
[4] DN 30.

and moves to strike the Declaration of Stephen Swiber ("Swiber Declaration")[5] submitted

in support of Diamond's Response.

## I.    SUMMARY

1.    Diamond's Response misconstrues the nature of its own filings, creates

nonsensical arguments out of nothing, and fails to provide a sufficient basis to deny the

relief requested in RLB's Motion to Strike.  On the other hand, RLB's Motion to Strike

provides substantial legal and factual support to adequately articulate a basis for striking

Diamond's Response and the Swiber Declaration. As shown by RLB's Motion to Strike

and this Reply, to the extent Diamond seeks that the Court consider any aspect of

Diamond's Response in connection with RLB's Motion to Dismiss, which has been fully

briefed and ripe for a ruling,[6] this Court should grant RLB's Motion to Strike because: (1)

this purported surreply was filed late and beyond the briefing deadlines for RLB's Motion

to Dismiss and Diamond did not seek, or obtain, leave to file it; and (2) Diamond's

Response improperly attempts to inject extraneous matters outside the Complaint that are

irrelevant to a Rule 12(b)(6) motion.  Additionally, this Court should grant RLB's Motion

to Strike as it relates to the Swiber Declaration because: (1) it is an extraneous matter

outside the Complaint inappropriately introduced for the first time with Diamond's

Response; (2) it fails to establish personal knowledge of the facts stated in the declaration;

---

[5] DN 34-1.

[6] *See* DN 22, 23, 24. Even Diamond concedes RLB's Motion to Dismiss has been fully briefed. DN 37 (stating "RLB filed a motion to dismiss. Diamond opposed that motion. In that opposition, Diamond asked this Court to deny RLB's motion to dismiss, and to enter judgment for Diamond. RLB filed a reply").

(3) it is conclusory and lacks adequate foundation; and (4) it includes, and is founded on, inadmissible hearsay.

## II.  ARGUMENTS & AUTHORITY

### A.  Diamond's Response is a "Surreply".

2.      Diamond argues that "[it] *opposed Travelers' motion*, and now RLB has moved to strike Diamond's opposition."[7] Even a cursory review of Diamond's Response reveals that it is apparent that Diamond is not merely opposing Travelers' motion; rather, it improperly seeks to use its Response as a surreply to RLB's Motion to Dismiss,[8] which has been fully briefed and is ripe for a ruling from this Court. Diamond's Response expressly states "Diamond's opposition will focus instead on the arguments in RLB's reply (Rec. Doc. 24) and in RLB's supplemental memorandum (Rec. Doc. 26)."[9] This language alone establishes that Diamond is seeking to improperly file a surreply, despite Diamond itself admitting that a surreply would be untimely.[10] Further, because Diamond has not requested or obtained leave, the surreply is improper.[11]

3.      Diamond attempts to explain away its untimely and improper surreply by claiming without support that "Diamond's efforts are solely to ensure the Court is fully briefed on the issues, and fully apprised of the facts," "RLB has had ample time to file its own briefs – three of them – all on the same issues," and "if RLB feels Diamond misstated

---

[7] DN 37, p. 1 (emphasis added).
[8] *See* DN 22.
[9] DN 34, second introductory sentence.
[10] DN 37, p. 1.
[11] *See* DN 37, p. 2 (Diamond stating "rather than ask the Court for leave to file a supplemental opposition or sur-reply.")

the law or omitted anything, RLB is free to apprise the Court of that."[12]   However, like

RLB, Diamond had ample time to "fully brief" and "fully apprise" the Court on the issues

and facts in connection with RLB's Motion to Dismiss but failed to timely and properly do

so.   Further, although RLB can apprise, and has apprised as shown through its filings in

this case, the Court of Diamond's misstatements and omissions this does not entitle

Diamond to continuously submit late or improper filings in an attempt to have the last

word.   Accordingly, none of these claims justify Diamond filing a late and improper

surreply in connection with RLB's Motion to Dismiss that has already been fully briefed

and is ripe for the Court to rule on.

4.       Moreover, sur-replies are heavily disfavored by this Circuit. This Circuit has

continuously stated that for various reasons "[s]urreplies, and any other filing that serves

the purpose or has the effect of a surreply, are highly disfavored, as they usually are a

strategic effort by the nonmovant to have the last word on a matter."[13] The exception to

this rule is that a surreply may be allowed when "addressing only new arguments raised

for the first time by the opposing party in their reply briefing and not included in the

original motion."[14] The exception does not apply here because RLB's Reply in Support of

its Motion to Dismiss[15] did not raise any new arguments, it merely reiterates the arguments

made in RLB's Motion to Dismiss and addresses arguments made in Diamond's Response.

---

[12] DN 37, p. 2.

[13] *See generally, BHL Boresight, Inc. v. Geo-Steering Solutions, Inc.*, 2017 WL 3634215, at *2 (S.D. Tex. Aug. 24, 2017) (quoting *Weaver v. Celebration Station Props., Inc.*, No. H-14-2233, 2015 WL 1932030, at *3 (S.D. Tex. Apr. 28, 2015) (internal quotation marks omitted).

[14] *Id*. (quoting *Branch v. CEMEX, Inc.*, No. H-11-1953, 2012 WL 2357280, at *9 n.7 (S.D. Tex. June 20, 2012) (same), *aff'd*, 517 Fed.Appx. 276 (5th Cir. 2013)) (internal quotation marks omitted).

[15] *See* DN 24.

5.      To the extent that Diamond seeks to construe RLB's Response to Diamond's Request for Summary Judgment as "additional arguments," RLB would remind the Court that Diamond confusingly included as part of its Opposition to RLB's Motion to Dismiss a request for summary judgment on Diamond's behalf pursuant to Federal Rule of Civil Procedure 56(f).[16] Although Diamond included its request for summary judgment as part of its Opposition to RLB's Motion to Dismiss, RLB filed one day before the initial Rule 16 conference conducted by Magistrate Judge Edison, and out of an abundance of caution, a response <u>separately</u> and only responded to Diamond's <u>summary judgment</u> request.[17] Shortly thereafter, Magistrate Judge Edison stated at the Rule 16 scheduling conference that the parties need not respond to Diamond's request for summary judgment at this time and if Diamond wished to seek a summary judgment it need to do so in a separate, independent filing. As a result, RLB's response to Diamond's premature request for summary judgment should not be construed as RLB attempting to raise a new argument allowing Diamond to file a disfavored surreply to RLB's Motion to Dismiss.

**B.      The Improper and Inadmissible Swiber Declaration.**

6.      Diamond baselessly asserts in its Response that "RLB has not shown the Court why Diamond's opposition or the declaration attached to Diamond's opposition should be struck."[18] To the contrary, RLB's Motion to Strike clearly and emphatically showed the Court why the Swiber Declaration should be struck.[19] In summary, but as

---

[16] *See* DN 23.
[17] *See* DN 26; *see also* DN 37, p. 1 (Diamond stating "RLB separately opposed Diamond's summary judgment.").
[18] DN 37, p. 2.
[19] DN 35, p. 5-9 ¶¶ 8-12.

explained in more detail in the Motion to Strike, this Court should grant RLB's Motion to Strike as it relates to the Swiber Declaration because: (1) it is extraneous matter outside the Complaint inappropriately introduced for the first time in Diamond's Response; (2) it fails to establish personal knowledge of the facts stated in the declaration; (3) it is conclusory and lacks adequate foundation, and (4) it includes, and is founded on, hearsay.

###    C.    <u>Diamond Incorrectly Attempts to Construe the use of Rule 12(f) in Its Favor.</u>

7.    Diamond correctly states that Rule 12(f) provides courts with the discretion to "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[20] However, Diamond erroneously tries to convince the Court that it cannot strike the entirety of Diamond's Response and the Swiber Declaration because neither are considered a "pleading" within the meaning of Rule 12(f).[21]

8.    Contrary to Diamond's assertion regarding the use of Rule 12(f), and the case law it cited regarding motions to strike based on Rule 12(f),[22] RLB basis for objecting to and requesting to strike Diamond's Response and the Swiber Declaration is founded elsewhere in the Federal Rules of Civil Procedure, case law in this Circuit, and the Local Rules, not through Rule 12(f). As set forth above and in the Motion to Strike, this Court should grant RLB's Motion to Strike to the extent Diamond seeks that the Court consider any aspect of Diamond's Response in connection with RLB's Motion to Dismiss that has been fully briefed because: (1) this purported surreply masquerading as a Response to

---

[20] Fed. R. Civ. P. 12(f).
[21] DN 37, p. 2
[22] DN 37, p. 1-2 (citing *U.S. v. Conley*, 689 F.3d 365 (5th Cir. 2012); Fed. R. Civ. P. 12(f)).

Travelers' Motion to Dismiss was filed late and beyond the briefing deadlines for RLB's

Motion to Dismiss and Diamond did not seek, or obtain, leave to file it; and (2) Diamond's

Response improperly attempts to inject extraneous matter outside the Complaint that is

irrelevant to a Rule 12(b)(6) motion.

### D.      Rule 56(c) is Not the Appropriate Vehicle in this Instance.

9.      As the Court is aware, Rule 56 applies to summary judgments. As the Court

is also aware, a motion for summary judgment is not before the Court at this time[23] and the

briefings at issue concern motions to dismiss, not summary judgments.[24] In support of its

Rule 56 argument, Diamond again provides a blanket recitation of the rule which has no

applicability or bearing on the present Motion to Strike. RLB admittedly has difficulty

crafting a response to such a nonsensical argument. However, it should be noted that the

summary judgment rule, particularly Rule 56(c), is not the appropriate vehicle to utilize

when striking Diamond's Response and the Swiber Declaration used in support of

Diamond's Response. Instead, RLB appropriately objects and seeks to strike Diamond's

Response and the Swiber Declaration for the basis set forth within the Motion to Strike and

this Reply.

---

[23] As stated above, Diamond confusingly included as part of its Opposition to RLB's Motion to Dismiss a request for the Court to enter a summary judgment on Diamond behalf pursuant to Fed. R. Civ. P. 56(f). DN. 23. RLB filed a Response to Diamond's Request for Summary Judgment (DN. 26) out of an abundance of caution shortly before the initial Rule 16 conference conducted by Magistrate Judge Edison on January 19, 2022 and Magistrate Judge Edison stated in that conference that RLB was not required to respond to Diamond's Request for Summary Judgment and if Diamond wished to seek a summary judgment it need to do so in a separate, independent filing.
[24] *See* DN 22, 23, 24, 30, 34.

**E.** **RLB Adequately Supported Its Motion to Strike through Case Law and Factual Support.**

10.     Diamond incorrectly stated that "RLB has not pointed the Court to case law in support of its motion to strike."[25] This is outright wrong because as seen in RLB's Motion to Strike, RLB provides ample case law from this Circuit to support its positions.[26] Notably, Diamond then states that it "will not burden the Court with *all the cases* denying motions to strike under like circumstances,"[27] however, Diamond then cites to only one case from the Eighth Circuit which concerned a motion to strike a governmental immunity defense, pursuant to 33 USC § 702c, in a class action property damage cases resulting from flood waters.[28]

11.     Diamond then again nonsensically, and in vague and conclusory fashion, stated "Diamond only would have the Court consider all the relevant law in determining the issues raised by RLB's motion to dismiss."[29] But again Diamond only cited to one case from another jurisdiction as support for "denying motions to strike under like circumstances"[30]  and the other "relevant law" offered by Diamond in support of its Response, as explained in more detail above, is either completely misconstrued by Diamond or irrelevant with respect to motions to dismiss and RLB's Motion to Strike.

---

[25] DN 37, p. 2.
[26] *See generally* DN 35 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000); *Blue Yonder Group, Inc. v. Kinaxis, Inc.*, 2021 WL 2698437, at *1 (N.D. Tex. May 17, 2021); *Irby v. Hinkle*, 2020 WL 4504701, at *3 (S.D. Tex. Aug. 5, 2020); *Rivas v. U.S. Bank, N.A.*, No. 4:19-CV-2021, 2019 WL 3892834, at *1 (S.D. Tex. July 29, 2019); *Gibson v. Liberty Mut. Group*, 2005 WL 900629, at *1 (5th Cir. Apr. 19, 2005); *Lee v. Nat'l Life Ins. Co. of Canada,* 632 F.2d 524, 529 (5th Cir. 1980); *Crowell v. Alamo Comty. College Dist.*, 2006 WL 2769947, at *7 (W.D. Tex. Sept. 25, 2006); Fed. R. Evid. 802; *DIRECT TV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005).
[27] DN 37, p. 2 (emphasis added).
[28] DN 37, p. 2-3 (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977).
[29] DN 37, p. 3.
[30] DN 37, p. 2-3.

12.     Accordingly, RLB's use of substantial case law and factual support in its Motion to Strike, and the lack of support for Diamond's nonsensical arguments, should be more than sufficient to support this Court ruling in RLB's favor.

## PRAYER

For the foregoing reasons, RLB requests that the Court sustain RLB's objections contained in its Motion to Strike; strike Diamond's Response in its entirety and not consider it when ruling on either RLB's Motion to Dismiss or Travelers' Motion to Dismiss; strike the Swiber Declaration in its entirety because: (1) it is extraneous matter outside the Complaint inappropriately introduced for the first time in Diamond's Response and is inappropriate for the Court to consider in ruling on either RLB's Motion to Dismiss or Travelers' Motion to Dismiss, (2) it fails to establish personal knowledge of the facts stated in the declaration, (3) it is conclusory and lacks adequate foundation, and (4) it includes and is founded on hearsay; and grant RLB all such other relief as it may show itself justly entitled.

Respectfully submitted,

**WINSTEAD PC**

By:   */s/ Mark C. Guthrie*
   Mark C. Guthrie
   Texas Bar No. 08636600
   mguthrie@winstead.com
   Cody N. Schneider
   Texas Bar No. 24073595
   cschneider@winstead.com
   John T. Wooldridge, Jr.
   Texas Bar No. 24118590
   jwooldridge@winstead.com

9

600 Travis Street, Suite 5200
Houston, Texas 77002
Telephone (713) 650-8400
-and-
D. Blake Wilson
State Bar No. 24090711
bwilson@winstead.com
401 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone (512) 370-2800

**COUNSEL FOR DEFENDANT
RLB CONTRACTING, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 21, 2022, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.


/s/ *John T. Wooldridge, Jr.*
John T. Wooldridge, Jr.