# EXHIBIT 1-C

# SUBCONTRACT

Job No: W9126G19C0015                                                                      Date: February 24, 2020

This agreement is made this 24rd day of February 2020, and effective the 24rd day of February 2020, by and between RLB Contracting, Inc.,410 Broadway, Port Lavaca, Texas 77979, hereinafter known as "Contractor", and Harbor Dredging, Inc. 14905 Southwest Fwy, Sugar Land TX, 77478, hereinafter known as "Sub-Contractor," to perform the work identified in Article 2, in accordance with the Project's Contract Documents numbered W9126G19C0015 which is incorporated to this subcontract by reference.

  Project: Dredging Houston Ship Channel, Brady Island to HSC Turning Basin, Harris County, Texas

  Owner: Department of the Army, Corps of Engineers, Galveston District

  Contractor: RLB Contracting, Inc.

  Sub-Contractor: Harbor Dredging, Inc.

## ARTICLE 1

**CONTRACT PAYMENT**: The Contractor agrees to pay Subcontractor for satisfactory performance of Subcontractor's work the sum of Two Million Seven Hundred Forty-Five Thousand Seven Hundred Dollars and Zero Cents ($2,745,700.00).

Payments for work satisfactorily performed shall be made no later than ten (10) days after the Contractor receives funds from the U.S. Army Corps of Engineers. Final payment of the balance due shall be made to Subcontractor no later than 10 days after receipt by Contractor of final payment from Owner. These payments are subject to receipt of such lien waivers, affidavits, warranties and guarantees required by the Contract Documents or Contractor.

## ARTICLE 2

**SCOPE OF WORK**: Subcontractor agrees to commence work herein described upon execution of this contract, and to perform and complete such work in accordance with Contract Documents and under the general direction of Contractor in accordance with the schedule listed in article 3. Sub-contractor shall include all work necessary or incidental to complete the following bid items:

| Item | Unit Price | Est. Quantity | Unit | Total |
|---|---|---|---|---|
| CLIN 0001. Mobilization | $160,000.00 | 1 | LS | $160,000.00 |
| CLIN 0003. Dredging Section 16 | $7.00 | 335,100 | CY | $2,345,700.00 |
| CLIN 0005. Demobilization | $240,000.00 | 1 | LS | $240,000.00 |
| | | | Grand Total | $2,745,700.00 |

Subcontractor will only be paid for volumes dredged and paid for by owner in accordance with owner's before dredging and after dredging surveys in accordance with prime contractor's contract. Subcontractor will be responsible for traversing the hopper barges from excavation site to the unloading site. Subcontractor is responsible for providing appropriate site labor to meet or exceed the specifications in regards to certified crane operators necessary to perform the work stated.

# ARTICLE 3

**SCHEDULE OF WORK**: Time is of the essence. Subcontractor shall begin work on or about March 10, 2020 and progress with work diligently until the completion and acceptance of dredging sections. Subcontractor shall coordinate its work with all other Contractors, Subcontractors, and suppliers on the project so as not to delay or damage their performance, work, or the Project.

# ARTICLE 4

**CHANGES:** Contractor, without nullifying this Agreement, may direct Subcontractor in writing to make changes to Subcontractor's work. Adjustment, if any, in the contract price or contract time resulting from such changes shall be set forth in a Subcontract Change Order pursuant to the Contract Documents.

# ARTICLE 5

**FAILURE OF PERFORMANCE:** Should Subcontractor fail to satisfy contractual deficiencies within (7) working days from receipt of Contractor's written notice, then the Contractor, without prejudice to any right or remedies, shall have the right to take whatever steps it deems necessary to correct the deficiencies. Should Subcontractor remove less than 60,000 cy per month for (2) consecutive months, the Contractor, without prejudice to any right or remedies, shall have the right to take whatever steps it deems necessary to correct the deficiencies and any cost associated with the correction will be deducted from subcontractor's pay.

# ARTICLE 6

**INSURANCE**: Prior to start of Subcontractor's Work, Subcontractor and it's subcontrators shall procure and maintain in force for the duration of the work, Worker's Compensation Insurance, Employer's Liability Insurance, Comprehensive General Liability Insurance and all insurance required of Contractor under the Contract Documents. Contractor and Owner shall be named as additional insured on each of these policies except for Worker's Compensation. Subcontractor shall provide a Certificate of Insurance meeting the above-specified requirements prior to beginning Work on the Project.

# ARTICLE 7

**INDEMNIFICATION:** To the fullest extent permitted by law, subcontractor shall indemnify and hold harmless Owner, Architect, Architect's consultants and Contractor from all damages, losses or expenses, including attorneys fees, from any claims or damages for bodily injury, sickness, disease, or death, or from claims for damage to tangible property, other than the Work itself. This indemnification shall extend to claims resulting from performance of this Subcontract and shall apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of Subcontractor or any of its agents, employees or subcontractors. This indemnity shall be effective regardless of whether the claim or loss is caused in some part by a party to be indemnified. The obligation of Subcontractor under this Article shall not extend to claims or losses that are primarily caused by the Architect, or Architect's consultant's performance, or failure to perform professional responsibilities.

## ARTICLE 8

**WARRANTY**: Subcontractor shall provide its services and meet its obligations under this contract in a timely and workmanlike manner, using knowledge and recommendations for performing the services which meet generally acceptable standards in Subcontractor's community and region, and will provide a standard care equal to or superior to care used by services providers similar to this Subcontractor on similar projects.

## ARTICLE 9

**SEVERABILITY.** If any provision of this Contract will be held to be invalid or unenforceable for any reason, the remaining provisions will continue to be valid and enforceable. If a court finds that any provision of this Contract is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision will be deemed to be written construed and enforced as so limited.

## ARTICLE 10

**APPLICABLE LAW:** the laws of the State of Texas shall govern this agreement. Venue for any action arising out of or relating to this project or this Subcontract shall be in Calhoun County, Texas. The prevailing party in any such action shall recover from the non-prevailing party its costs, expenses and attorneys' fees at trial, arbitration or on appeal.

## ARTICLE 11

**LABOR STANDARDS PROVISION:** Subcontractor agrees to abide by all the Labor Standards required by the Federal Government and made a part of this Contract.

## ARTICLE 12

**TERM/TERMINATION:** This Contract will terminate automatically upon completion by Subcontractor of the Services required by this Contract.

In witness whereof the parties have executed this Agreement under Seal, the day and year first written above.

**RLB CONTRACTING, INC.**

By: *[signature]*

Title: PRESIDENT

Date: 3/16/2020

**HARBOR DREDGING, INC.**

By: *Roland J. Maturin*

Title: President

Date: 03/04/2020

Sub-Contractor's Federal Tax ID No: 84-2274057