# EXHIBIT 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>for the use and benefit of<br>**DIAMOND SERVICES CORPORATION**<br><br>**VERSUS**<br><br>**RLB CONTRACTING, INC.,**<br>**HARBOR DREDGING, INC., and**<br>**TRAVLERS CASUALTY AND SURETY**<br>**COMPANY OF AMERICA** | **CIVIL ACTION NO: 3:21-cv-00253**<br><br>**DISTRICT JUDGE**<br>**HON. JEFFERY V. BROWN**<br><br>**MAGISTRATE JUDGE**<br>**HON. ANDREW M. EDISON** |

**DIAMOND SERVICES CORPORATION'S RESPONSE TO**
**HARBOR DREDGING, INC.'S FIRST REQUESTS FOR ADMISSION**

Diamond Services Corporation ("Diamond"), plaintiff in the above-captioned matter, and in response to the First Requests for Admission, propounded by defendant, Harbor Dredging, Inc., provides Diamond's Response to Harbor Dredging's Requests for Admission and does aver as follows:

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that you had a complete copy of the plans and specifications for the Project at the time you prepared your bid/proposal for submission to Harbor Dredging.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admitted.

**REQUEST FOR ADMISSION NO. 2:**

Admit that there is no amendment, change, or modification of any kind that alters any of the terms and conditions of the Subcontract Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit the final dredging survey for the USACE determined that 317,019 cubic yards of material were dredged by Diamond in Section 16.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Diamond cannot admit or deny this Request insofar as Diamond has not been provided with the final dredging survey.

**REQUEST FOR ADMISSION NO. 4:**

Admit that exclusive of the joint payment of $950,000 for Diamond's claim for differing site conditions, it has received $2,253,346.00 from Harbor Dredging under the Subcontract Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admitted.

**REQUEST FOR ADMISSION NO. 5:**

Admit that exclusive of the joint payment of $950,000 for Diamond's claim for differing site conditions, the $2,253,346.00 it received from Harbor Dredging is the amount due under the Subcontract Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that your total cost, including overhead and profit for the performance for all of Diamond's work on the Project was $2,362,344.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Diamond's unit price for dredging (CLIN 0003) under its Subcontract Agreement was $6.50 per cubic yard.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Diamond's unit price for dredging (CLIN 0003) under its Subcontract Agreement of $6.50 per cubic yard included its overhead of 27.94%.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Diamond's unit price for dredging (CLIN 0003) under its Subcontract Agreement of $6.50 per cubic yard included its profit of 9%.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you were an independent contractor retained by Harbor Dredging to perform dredging of the Houston Ship Channel, Brady Island to Houston Ship Channel Turning Basin, Harris County, Texas.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Diamond object to Request for Admission No. 10 as it calls for a legal conclusion. The Request is denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that while on the project site, you controlled Diamond's means and methods for dredging of the Houston Ship Channel, Brady Island to Houston Ship Channel Turning Basin, Harris County, Texas.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Diamond object to Request for Admission No. 11 as it calls for a legal conclusion. The Request is denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Diamond's certified claim amount of $2,362,344 included all your final tug invoices used in the performance of Diamond's scope of work under the Subcontract Agreement with Harbor Dredging.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Diamond's certified claim amount of $2,362,344 included the $500,000 you claimed for additional work executed during performance of Diamond's scope of work under its Subcontract Agreement with Harbor Dredging.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that you agreed to accept $950,000 as full and final settlement of your certified claim dated March 30, 2021, in the amount of $2,362,344.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that all payments made to you, including the $950,000 paid to you by the check attached hereto as **Exhibit "A"**, compensated you to the full extent of your certified claim dated March 30, 2021, which included your overhead and profit plus $841,002 in additional profit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that **Exhibit "B"** is a copy of Diamond's certified claim for differing site conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied. Exhibit "B" is a check from RLB Contracting, Inc. Diamond admits that Exhibit "A" is the first page of Diamond's certified claim for differing site conditions.

**DATED**: March 11, 2022

Respectfully submitted:

BOHMAN | MORSE, LLC

/s/Harry E. Morse
HARRY E. MORSE (#31515)
MARTIN S. BOHMAN (#22005)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA  70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: HARRY@BOHMANMORSE.COM
E-MAIL: MARTIN@BOHMANMORSE.COM

*Attorneys for Diamond Services Corporation*