# EXHIBIT 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**for the use and benefit of**<br>**DIAMOND SERVICES CORPORATION**<br><br>**VERSUS**<br><br>**RLB CONTRACTING, INC.,**<br>**HARBOR DREDGING, INC., and**<br>**TRAVLERS CASUALTY AND SURETY**<br>**COMPANY OF AMERICA** | CIVIL ACTION NO: 3:21-cv-00253<br><br>DISTRICT JUDGE<br>HON. JEFFERY V. BROWN<br><br>MAGISTRATE JUDGE<br>HON. ANDREW M. EDISON |

**DIAMOND SERVICES CORPORATION'S RESPONSE**
**TO RLB CONTRACTING, INC.'S**
**FIRST REQUESTS FOR ADMISSION**

Diamond Services Corporation ("Diamond"), plaintiff in the above-captioned matter, and in response to the First Requests for Admission, propounded by defendant, RLB Contracting, Inc., provides Diamond's Response to RLB Contracting's Requests for Admission and does aver as follows:

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit Diamond's contract for its work on the Project was contained solely in the Sub-Subcontract between Diamond and Harbor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Denied. Diamond's contract for work on the Project was amended as referenced in Diamond's Complaint, and further amended by the request for equitable adjustment.

**REQUEST FOR ADMISSION NO. 2:**

Admit Exhibit 1, attached to and incorporated by reference in these Request for Admissions, is a true and accurate copy of the Sub-Subcontract between Diamond and Harbor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admitted.

**REQUEST FOR ADMISSION NO. 3:**

Admit RLB is not a party to the Sub-Subcontract between Diamond and Harbor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit Diamond is not a party to the Subcontract between RLB and Harbor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admitted.

**REQUEST FOR ADMISSION NO. 5:**

Admit Exhibit 2, attached to and incorporated by reference in these Request for Admissions, is a true and accurate copy of the Subcontract between RLB and Harbor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:**

Admit there is no written contract between RLB and Diamond for the Project.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied. Diamond admits there is no written contract signed by RLB and Diamond, but the contract signed by Diamond and Harbor references RLB as "general contractor" and references Diamond as "Sub-Contractor." Separately, it references RLB as "Contractor."

**REQUEST FOR ADMISSION NO. 7:**

Admit Diamond was hired by Harbor to perform work on the Project.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admitted.

**REQUEST FOR ADMISSION NO. 8:**

Admit Diamond invoiced Harbor, and not RLB, for Diamond's work on the Project.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admitted.

**REQUEST FOR ADMISSION NO. 9:**

Admit Diamond received payment only from Harbor in connection with Diamond's work on the Project.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied. Diamond admits that the checks to Diamond came through Harbor, but as a mere conduit of funds from RLB. Put another way, Diamond was always aware that Harbor would not pay Diamond with Harbor's funds – only when Harbor was paid by RLB, with money paid by RLB to Harbor with the express intent of Harbor to pay Diamond.

**REQUEST FOR ADMISSION NO. 10:**

Admit Diamond did not receive payment directly from RLB in connection with Diamond's work on the Project.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied. See response to Request No. 9.

**REQUEST FOR ADMISSION NO. 11:**

Admit Diamond submitted is certified costs, including overhead and profit, for the Project in the amount of $2,362,344.00 to Harbor, at the request of Harbor, for inclusion in RLB's calculations submitted in the REA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied. Diamond admits the sum referenced is Diamond's certified costs for the equitable adjustment, not for the Project. Furthermore, the sum was submitted at the request of RLB and Harbor.

**REQUEST FOR ADMISSION NO. 12:**

Admit Diamond total certified costs for the Project, including overhead and profit were in the total amount of $2,362,344.00.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Denied. See response to Request No. 11.

**REQUEST FOR ADMISSION NO. 13:**

Admit Diamond accepted payment from Harbor of $950,000.00 as full and final settlement of its claims for payment on the Project.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied.

**DATED**: July 12, 2022

                                                  Respectfully submitted:

                                                  **BOHMAN | MORSE, LLC**

                                                  /s/Harry E. Morse
                                                  HARRY E. MORSE (#31515)
                                                  MARTIN S. BOHMAN (#22005)
                                                  400 POYDRAS STREET, SUITE 2050
                                                  NEW ORLEANS, LA  70130
                                                  TELEPHONE: (504) 930-4009
                                                  FAX: (888) 217-2744
                                                  E-MAIL: HARRY@BOHMANMORSE.COM
                                                  E-MAIL: MARTIN@BOHMANMORSE.COM

                                                  *Attorneys for Diamond Services Corporation*