UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **DIAMOND SERVICES CORPORATION** | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:21-cv-00253-JVB |
| **RLB CONTRACTING, INC., HARBOR DREDGING, INC. AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA** | | |
| Defendants. | | |

### ORDER GRANTING RLB CONTRACTING, INC.'S MOTION FOR SUMMARY JUDGMENT ON ITS COUNTERCLAIMS AGAINST DIAMOND SERVICES CORPORATION

After considering Defendant/Counter-Plaintiff RLB Contracting, Inc.'s ("RLB") Motion for Summary Judgment ("Motion") with respect to RLB's requests for declaratory relief as well as it counterclaims for promissory estoppel and money had and received against Plaintiff/Counter-Defendant Diamond Services Corporation ("Diamond") as asserted in RLB's Original Answer and Counterclaim, DN 48, Diamond's response, if any, the pleadings on file for the above-styled cause, and arguments or objections of counsel, if any, the Court finds that RLB's Motion should be **GRANTED**. It is therefore,

**ORDERED** that RLB's Motion is **GRANTED IN ITS ENTIRETY**. It is further,

**ORDERED AND DECLARED** that RLB does not have any direct or indirect contractual relationship with Diamond. It is further,

**ORDERED AND DECLARED** that RLB was entitled to rely upon, and did reasonably rely upon, Diamond's representation that Diamond would accept $950,000 for settlement of its claims in RLB's negotiations with the United States Army Corps of Engineers ("USACE") for the settlement of the amended Request for Equitable Adjustment of the Prime Contract ("Amended REA"). It is further,

**ORDERED AND DECLARED** that Diamond's agreement to accept, and/or acceptance of, the $950,000 constitutes an accord and satisfaction of its claim for any amounts allegedly owed from the proceeds of RLB's settlement of the Amended REA with the USACE. It is further,

**ORDERED AND DECLARED** that Diamond does not have a valid Miller Act claim against RLB or its surety, Travelers Casualty and Surety Company ("Travelers"), because Diamond failed to provide timely and proper notices perfecting any such potential rights under the Miller Act. It is further,

**ORDERED** that that Diamond's claims for claims for breach of contract, implied contract, and quasi-contract claims against RLB, request for *quantum meurit*/unjust enrichment damages against RLB, and Miller Act claims against RLB and Travelers in the above-styled case (the "Lawsuit") are hereby dismissed with prejudice to their re-filing, and that Diamond take nothing by way of those claims against RLB and Travelers. It is further,

**ORDERED** that Diamond shall pay RLB's reasonable and necessary attorneys' fees and costs incurred by RLB in connection with claims based in contract brought by Diamond, pursuant but not limited to its Miller Act claim. Accordingly, RLB incurred reasonable and necessary attorneys' fees and cost in support of its defense and filing this Motion and RLB's Rule 12(b) Motion to Dismiss. RLB shall submit a declaration supporting its claimed attorneys' fees and costs within fourteen (14) days of this Order, with payment due in full by Diamond within fifteen (15) days of the Court's entry of an award.

SIGNED this _____ day of _____, 2022.

_____
HONORABLE JEFFREY V. BROWN
UNITED STATES DISTRICT JUDGE