UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DIAMOND SERVICES CORPORATION, | § § § § § | |
| Plaintiff, | § | |
| VS. | § § | Civil Action No. 3:21-CV-253 |
| RLB CONTRACTING, INC., *ET AL*, | § § § | |
| Defendants. | § | |

## **ORDER**

Before the court is the joint motion to strike Diamond Services Corporation's demand for a jury trial, made part of its second answer to RLB's counterclaim, and its notice withdrawing its Rule 9(h) designation. Dkt. 82. The court grants the joint motion.

### I. **Background**

In its initial complaint, Diamond pleaded jurisdiction "under 28 U.S.C. § 1333 because the provision of a dredge, a tug, and barges by Diamond to RLB for the purpose of dredging the Houston Ship Channel, a navigable waterway, are traditional maritime activities and give rise to admiralty jurisdiction." Dkt. 1 ¶ 6. On May 13, 2022, Diamond filed its first amended

complaint, repleading its original complaint in full but designating "this as an admiralty claim within the meaning of Fed. R. Civ. P. 9(h)." Dkt. 41.

Harbor included a jury demand in its answer to Diamond's first amended complaint. Dkt. 42. RLB also filed an answer, as well as counterclaims, and demanded a jury trial. Dkt. 48. Harbor filed a motion on December 27, 2022, withdrawing its previous demand for a jury trial and consenting to a bench trial. Dkt. 71. RLB followed suit the following day. Dkt. 74.

On January 3, 2023, in its second answer to RLB's counterclaims, Diamond demanded a jury trial for the first time since filing this action. Dkt. 77. It also filed a notice withdrawing its Rule 9(h) designation. Dkt. 78. The defendants responded by filing a joint motion to strike the notice of withdrawal and the jury demand. Dkt. 82. Diamond timely responded, and the defendants have filed a reply. Dkts. 84; 85.

Today, the court issued a memorandum order and opinion granting Harbor's motion for summary judgment, granting in part and denying in part RLB's motion for summary judgment, granting a motion to strike Diamond's second amended complaint, and denying as moot Travelers's motion for judgment on the pleadings. Dkt. 86.

II. **Analysis**

"It has long been the general rule that a plaintiff who elects to bring a suit under admiralty jurisdiction is not entitled to a trial by jury." *Hinojosa v. Callan Marine Ltd.*, No. 322-cv-233, 2022 WL 16857013, at *5 (S.D. Tex. Nov. 10, 2022). "There is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim." *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1983). "Express invocation of a 9(h) claim, while desirable, is not necessary when a complaint otherwise contains a simple statement identifying the claim as one in admiralty or maritime law." *Rosales v. Bouchard Coastwise Mgmt. Corp.*, No. Civ. A. 03-2978, 2004 WL 1146953, at *1 (E.D. La. May 19, 2004) (citations omitted). And in the Fifth Circuit, "a plaintiff who asserts admiralty jurisdiction as a basis for the court's subject matter jurisdiction over a claim has automatically elected under Rule 9(h) to proceed under the admiralty rules." *Luera v. M/V Alberta*, 635 F.3d 181, 189 (5th Cir. 2011).

Though Diamond seeks to remove its 9(h) designation, and argues in response to the motion to strike that admiralty jurisdiction in this case no longer exists, it has not attempted to excise from its live complaint statements that continue to invoke admiralty jurisdiction. *See* Dkts. 1 ¶ 6; 84

at 2–4.[1] This preserves the admiralty-claim designation, foreclosing the possibility of the jury trial.

Moreover, Diamond's attempt to remove the 9(h) designation and demand a jury trial falls short of the burden imposed by Fed. R. Civ. P. 15. *See T.N.T. Marine*, 702 F.2d at 588. Though this is a liberal amendment standard "evinc[ing] a bias in favor of granting leave to amend," the decision to grant leave remains within the discretion of the trial court and "is not automatic." *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996). The court finds that shifting the case's setting from a bench trial to a jury trial at this late stage, more than fourteen months after filing, would unduly prejudice the defendants as a trial setting is imminent. *See Miller v. Orion Const., L.P.,* Civil Action No. G-06-0665, 2007 WL 4206210, at \*2 (S.D. Tex. Nov. 27, 2007) (finding that a defendant would suffer prejudice from a plaintiff's attempt to remove its 9(h) designation where the case was "thirteen months old and . . . ready for trial," and consequently denying plaintiff's request to remove the designation).

---

[1] Diamond's live complaint is filed as Docket 41 and re-pleads the original complaint. Diamond's other purported amended complaint (Dkt. 64) was late-filed but also re-pleads the original complaint's assertion of admiralty jurisdiction. Dkt. 64 ¶ 6.

Additionally, Diamond has not met its obligation under Fed. R. Civ. P. 16. That rule applies where, as here, the court has entered a scheduling order governing relevant deadlines. *S.W. Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *see also Sylve v. Subsea 7 US LLC*, Civil Action No. 15-4148, 2016 WL 6833638, at *3 (E.D. La. Nov. 21, 2016) (applying Rule 16 in the context of an amendment changing a 9(h) designation and collecting cases doing the same). Rule 16 provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge. Fed. R. Civ. P. 16(b). The Rule 16(b) analysis may consider "'(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" *S.W. Enters.*, 315 F.3d at 536. Diamond has not filed a motion for leave or otherwise explained how its proposed amendment removing the 9(h) designation comports with these enumerated criteria. At this late date, Diamond's attempt to amend by dropping its 9(h) designation does not satisfy Rule 16's "good cause" standard. Particularly, allowing Diamond to amend so close to trial setting with the effect of converting the case from a bench into a jury trial would prejudice RLB, and no continuance has been sought.

Diamond also failed to timely submit its jury-trial request under Fed. R. Civ. P. 38(b), which provides that a party may demand a jury trial by serving the other parties with a written demand no later than 14 days after the last pleading directed to the issue is served. Fed. R. Civ. P. 38(b). Diamond demanded a jury trial on January 3, 2023, in its second answer—more than 14 days after service of RLB's counterclaims on September 22, 2022. *See* Dkts. 48, 77. Accordingly, Diamond waived a jury trial. *See* Fed. R. Civ. P. 38(d).

Diamond argues that Harbor and RLB's attempts to withdraw their jury demands were improper, because Fed. R. Civ. P. 38(d) provides that "a proper [jury] demand may be withdrawn only if the parties consent." Dkt. 84 at 3–4. But because Harbor and RLB made their jury demands while the case claimed admiralty jurisdiction, these demands were ineffective. *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249 (5th Cir. 1975); *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968, 986 (5th Cir. 1978) (citing *Romero* for the proposition that "by electing to proceed under 9(h) . . . the plaintiff may preclude the defendant from invoking the right to trial by jury which may otherwise exist"); *see also MWK Recruiting, Inc. v. Jowers*, No. 1:18-CV-444-RP, 2020 WL 4370138, at *4 (W.D. Tex. July 30, 2020) (allowing defendants to withdraw their jury demands when those demands

were not "proper" under Fed. R. Civ. P. 38(d), because the defendants had previously surrendered the right to a jury trial).

Diamond directs the court to *Rachal v. Ingram Corp.*, for the proposition that it is entitled to withdraw its 9(h) designation and seek a jury trial. 795 F.2d 1210 (5th Cir. 1986); Dkt. 84 at 4. But at the core of *Rachal* is the independent, statutory right to a jury trial provided by the Jones Act, which is not at issue here. *Rachal*, 795 F.2d at 1217.

For the reasons stated above, the court grants the joint motion to strike. Dkt. 82.

Signed on Galveston Island this 14th day of February, 2023.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE